### FELD v MILLER et

### DUNIE v MILLER et

Ohio Appeals, 1st Dist, Hamilton Co

Nos 5989 & 5990. Decided June 30, 1941

Ragland, Dixon & Murphy, Cincinnati, for appellees, Isaac Feld and Juanita V. Dunie.

Thomas J. Herbert, Columbus, and Ansel H. Wilson, Dayton, for appellants.

**OPINION**

By HAMILTON, J.

These two cases involve the construction of the tax laws of Ohio, and were presented and considered together. One point of law is involved in case No. 5989, which is not involved in case No. 5990.

The appeals are from the Court of Common Pleas, seeking a reversal of that court in its judgment, reversing the State Tax Commission of Ohio in both cases.

· This law suit grows out of an attempt to tax certain shares of stock as "income yield". This stock came into the possession of the appellees herein.

The appellees appealed from the taxation as sought to be assessed by the Auditor of Hamilton County to the State Tax Commission of Ohio. The State Tax Commission dismissed the appeals and found that the stock in question was taxable as "income yield", and denied and dismissed the appeal of both appellees. On appeal to the Court of Common Pleas from the finding of the State Tax Commission, that court reversed the State Tax Commission and enjoined the taxation of the stock dividend. The Tax Commission in this Court seeks a reversal of that order and an affirmance of the finding of the State Tax Commission.

The appellee, Juanita V. Dunie, on December 28th, 1936, received 160 shares of the preferred stock of The Sherbrook Distributing Company, and $10.80 per share on the common stock, as dividends, from The Sherbrook Company. She returned for taxation all the cash payments received, but did not return the 160 shares of preferred stock, claiming that it was not taxable under the Personal Intangible Tax Laws of Ohio.

The resolution under which the stock and cash dividends were received was as follows:

"RESOLVED, That sufficient moneys be, and they are now hereby, appropriated from the Surplus Profits arising from the business of the corporation during the current year for the payment of a cash dividend of Four Hundred and Ten and 80/100 ($410.80) Dollars per share, to be paid to the holders of the Common Stock of the corporation of record as of this date, to-wit: December 28, 1936; that said dividend be paid on or before December 30, 1936, and be payable, at the election of the holders of the Common Stock of the corporation, either wholly in cash, or partly in cash and partly in 6% Preferred Shares of the corporation of the par value of $100.00 per share; namely, Option 'A'—$410.80 in cash per share; Option 'B'—$10.80 in cash per share· and four (4) shares of the 6% Preferred Stock of the corporation, par value $100.00, for each share of Common Stock of the corporation

now owned by the Shareholders thereof."

Pursuant to that resolution, Juanita V. Dunie received 160 shares of the preferred stock, and Isaac Feld, appellee elected to and did receive 182 2/9 shares of the preferred stock of The Sherbrook Distributing Company. There were some cash dividends with which we are not concerned, as they were returned for taxation.

The question for determination is whether or not the preferred stock received under the Resolution, above quoted constitutes "income yield", as that phrase is used and defined in §§5388 and 5389 GC.

If "income yield" it is taxable. If not, the Court of Common Pleas was correct in finding against the taxation of the stock.

The question turns on the construction of §§5388 and 5389 GC, as they were on January 1st, 1937.

We are of opinion that the case of **Watson v Tax Commission et, 135 Oh St 377**, while some differences do exist between the facts in this case and the case at bar, announces the principle of law that must be applied in the case under consideration. In the Watson case, Judge Matthias states:

"Though the distribution of shares of stock of another corporation, just as the corporation's distribution of its own capital stock from earnings or surplus, may constitute income in the hands of the shareholder, the question presented here is not whether the distribution made is income, but whether it comes within the statutory definition and limitation of 'cash dividend'. * * * * *

"The argument that anything received which can be reduced to cash is equivalent to cash, and therefore is cash. and hence, when received as a distribution in the form of a dividend, should be taxed as a 'cash dividend', is an argument which might well be addressed to the Legislature to secure an amendment to the statute. * * *

"It is our conclusion that 'income yield' from shares of stock is limited by the specific provisions of the statute to 'cash dividends', and hence does not include distribution in the form of shares of stock of another corporation."

It is the conclusion of this Court that under the language of §§5388 and 5389 GC, as construed by the Supreme Court in the Watson case, it requires an affirmance of the judgment of the Court of Common Pleas, in its finding that the receipt of the stock dividend did not come within the meaning of the statute as "income yield", but remains a stock dividend, and is not taxable as "income yield".

The appellant contends that Isaac Feld in his tax return in this state did not list and itemize his investments in his Intangible Tax Return, but annexed to it the Federal Summary Form, which is permitted by law, and contends that he must pay on the value of the preferred stock dividend. It is contended that had this constituted an election in making his return, that he would now be estopped to deny its taxability.

The preferred stock dividend is not taxable under the chapter providing for the filing under the Federal Summary Form, and it would be difficult to understand how he could elect to pay the tax suggested, to-wit: 5% on the value of the preferred stock, when in fact he is not liable for any such taxation, were we to consider the filing of the summary form an action to pay taxes on property not taxable. Mistakes in listing property for taxation may be corrected, and the filing of the federal summary form does not constitute an estoppel, requiring the payment of taxes in accordance therewith on property which is not in fact taxable.

Our conclusion is, that the Court of Common Pleas was correct and its judgment will be affirmed in each case.

MATTHEWS, PJ. and ROSS, J., concur.